1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KELLY A. GRAFF,

11            Petitioner,              No. CIV-S-05-0029 FCD KJM P

12        vs.

13    BOARD OF PRISON TERMS, et al.,      ORDER AND

14            Respondents.            FINDINGS AND RECOMMENDATIONS

15    _____/

16            Petitioner is a California prisoner proceeding pro se with an application for writ of

17    habeas corpus under 28 U.S.C. § 2254.  In 1985, petitioner was convicted of first degree murder

18    and sentenced to 26-years-to-life imprisonment.  Petitioner challenges the fact that he has been

19    denied parole.  He was last denied parole on November 13, 2003.  Petitioner presented the claims

20    he asserts in this action in California's courts.  All three courts denied petitioner's claims without

21    any significant comment.  Answer, Exs. 5-9.  The only cognizable and colorable claim petitioner

22    presents here is that the decision to deny him parole was not supported by "some evidence" that

23    releasing petitioner unreasonably endangers public safety and therefore was not in compliance

24    with the Due Process Clause of the Fourteenth Amendment.  Pet. at 5-6e.  See Irons v. Carey,

25    505 F.3d 846, 851 (9th Cir. 2007); 28 U.S.C. § 2254(a) (claims arising under state law are not

26    cognizable in a § 2254 action).

Based on a careful review of the record in this matter, the court finds there is some evidence indicating that release of petitioner from prison in 2003 would have unreasonably endangered public safety.  The requisite evidence consists of the facts underlying the commitment offense.  Petitioner murdered his wife in her home, while they were separated, by beating her with a hammer and stabbing her several times with a knife.  Answer, Ex. 3 at 2.  He was in his wife's home after having broken in when she was not home.  Id.  Petitioner attacked his wife when she returned to her home.  Id.  While it appears petitioner's wife had been unfaithful, this information had been revealed to petitioner well before petitioner killed her.  Id., Ex. 2 at 11:7-12.  Petitioner and the victim had a son together who was two years old at the time his mother was killed.  Id.[1]

The Ninth Circuit Court of Appeals has expressed concern with the notion that parole can be denied repeatedly based on the facts underlying the commitment offense or other factors that cannot change with time.  See, e.g., Biggs v. Terhune, 334 F.3d 910, 916 (9th Cir. 2003).  Because the parole hearing at issue in this case was only petitioner's second, Answer, Ex. 2 at 1:13 & 49:10-13, the concern expressed in Biggs is not applicable.  Furthermore, the Ninth Circuit has held that a significant factor in determining whether parole can be denied based on unchanging factors is whether the habeas petitioner has served the minimum term of his sentence, minus any sentence credit awarded, at the time he was considered for parole.  Irons, 505 F.3d at 853.   Here, petitioner had not yet served 20 years of his 26-years-to-life sentence when the parole proceedings at issue were held.

/////

---

[1] The court also acknowledges that while incarcerated petitioner has, among other things, participated successfully in Alcoholics Anonymous, been virtually discipline-free, learned how to draw, maintained a job as a printer, completed an eight week stress management program and expressed remorse for his crime.  Answer, Ex. 2 at 25:24-39:15.  Under the current state of the law, however, this strong performance in prison does not provide a basis for granting the pending petition based on the 2003 denial.  See Irons, 505 F.3d at 853; Sass v. Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006).

1    In light of the foregoing and because petitioner is precluded from obtaining relief

2 by 28 U.S.C. § 2254(d), the court will recommend that petitioner's application for writ of habeas

3 corpus be denied.

4    The court notes that petitioner requests the court to take judicial notice of certain

5 documents pertaining to parole proceedings that occurred in 2006.  The court does not take

6 judicial notice of documents; it takes judicial notice of facts.  Fed. R. Evid. 201.  Petitioner's

7 request for judicial notice will be denied.  While the documents filed with petitioner's request are

8 in the court's record and could be considered for any appropriate purpose, petitioner's 2006

9 parole denial is not covered by the pending petition, and there is no indication petition has

10 exhausted state remedies with regard to that denial.

11    In accordance with the above, IT IS HEREBY ORDERED that petitioner's

12 request for judicial notice (docket no. 12) is denied.

13    IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

14 habeas corpus (docket no. 2) be denied.

15    These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17 days after being served with these findings and recommendations, any party may file written

18 objections with the court and serve a copy on all parties.  Such a document should be captioned

19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20 shall be served and filed within ten days after service of the objections.  The parties are advised

21 that failure to file objections within the specified time may waive the right to appeal the District

22 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED:  March 11, 2008.

24
_____
25                              U.S. MAGISTRATE JUDGE

26 1 graf0029.157

3